UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:22-cr-00150-JRS-KMB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EDWIN SIMS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cr-00150-JRS-KMB |
| | ) |
| EDWIN SIMS, | ) -1 |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Edwin Sims has filed a motion seeking relief under compassionate release under § 404 of the First Step Act of 2018 and § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) among other bases.[1] Dkt. 32. For the reasons explained below, his motion is **DENIED**.

### I.  Background

In March 2023, Mr. Sims pled guilty to one count of bank theft and one count of possession of cocaine with intent to distribute. Dkt. 25 at 1. Mr. Sims faced a guidelines range of 151 to 188 months of imprisonment. Dkt. 16 at 20. The Court sentenced him to 151 months of imprisonment. Dkt. 25 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Sims's anticipated release date (with good-conduct time included) as October 26, 2032. https://www.bop.gov/inmateloc/ (last visited November 9, 2023).

---

[1] Mr. Sims's motion requests relief under § 404 of the First Step Act of 2018, § 603 of the First Step Act of 2018, and Amendment 821 to the United States Sentencing Guidelines ("Amendment 821"). Counsel has been appointed for Mr. Sims for the purpose of review and analysis of Mr. Sims's eligibility for a reduction of sentence pursuant to Amendment 821. Dkt. 33. Accordingly, this order addresses only Mr. Sim's requests for relief under § 404 and § 603 of the First Step Act of 2018.

Mr. Sims has filed a motion for relief pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 32. Mr. Sims argues that he is entitled to a sentence reduction because § 404 of the First Step Act of 2018 shortens the mandatory minimum sentence applicable to him retroactively. He also argues that he establishes an extraordinary and compelling reason for release because, due to other changes in the law, Mr. Sims would likely receive a shorter sentence if he were sentenced today. *Id.* at 1. The Court has concluded that it can resolve Mr. Sims's motion with regard to compassionate release without a response from the United States. The Court will address Mr. Sims's motion for sentence reduction under Amendment 821 in a separate order.

## II.   Discussion

### A.  Request for Counsel

Mr. Sims has requested the appointment of counsel to represent him with regard to his compassionate release motion. Dkt. 32 at 1.

There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. Sims request for the appointment of the federal public defender's office for the purpose of compassionate release is **denied.**

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Mr. Sims is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Sims has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. For these reasons, Mr. Sims has not shown that pro bono counsel should be recruited and his request for assistance with recruiting counsel must therefore be denied. The Federal Community Defender's Office has been appointed for the purpose of review and analysis of the Defendant's eligibility for a reduction of sentence pursuant to Amendment 821. Dkt. 33. Nothing in this order shall affect that appointment.

### B. Compassionate Release

With regard to requested relief under § 404, Mr. Sims's motion is denied. In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), to address harsh sentencing disparities between crack cocaine offenses and powder cocaine offenses resulting from irrational and "unjustified race-based differences" in federal sentencing between those types of cases. *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012).

Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences for certain defendants whose offense were committed before August 3, 2010. Pub. L. No. 115-391, 132 Stat. 5194, 115th Cong. § 404 (2018). Mr. Sims is not eligible for a sentence reduction

under the plain language of § 404 of the First Step Act because his offenses were committed in 2021.

With regard to Mr. Sims's claims that changes in law would affect the sentence he would receive if he were sentenced today, Mr. Sims has not established extraordinary and compelling changes for his release.

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing clearly does not

qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Nov. 1, 2023). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Sims's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Mr. Sims has not yet served 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For these reasons, the Court finds that Mr. Sims has not carried

his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Even if the Court were to assume that Mr. Sims had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Sims is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing against him, Mr. Sims committed a serious crime and has an extensive criminal history including seven prior felony convictions for robbery. Dkt. 16 at 9–14. Further, Mr. Sims was sentenced less than one year ago and is not scheduled to be released from prison until October 2032; thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Sims early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III. Conclusion

For the reasons stated above, Mr. Sims's motion, dkt. [32] is **denied** insofar as it is construed as a motion for compassionate release under § 404 and § 603 of the First Step Act of 2018. The Clerk is directed not to terminate the motion at dkt. 32 as Mr. Sims's motion for relief pursuant to Amendment 821 remains pending.

**IT IS SO ORDERED.**

Date: 11/27/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

All Electronically Registered Counsel


Edwin Sims
Register Number: 83076-509
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635